IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SEPTIC SAVIOR, LLC, a Florida
limited liability company,

    Plaintiff,

vs.

GLOBAL MARKETING OF SOUTH
FLORIDA, INC., a Florida corporation,

    Defendant.

_____/

CASE NO.:



## COMPLAINT

Plaintiff, Septic Savior, LLC ("Septic Savior") or ("Plaintiff"), files this Complaint against the Defendant, Global Marketing Of South Florida, Inc. d/b/a Septic Saver 2005, a Florida corporation ("Septic Saver") or ("Defendant") and states as follows:

### JURISDICTION/PARTIES/VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1057-1127 (original jurisdiction over Lanham Act claims), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.    The amount in controversy, exclusive of interest, costs and attorneys' fees, exceeds the sum of $75,000.

3.    Plaintiff, Septic Savior, LLC, is a Florida limited liability company with its principal place of business at 600 Fairway Dr., Suite 107, Deerfield Beach, FL 33441.

4.    Defendant, Global Marketing Of South Florida, Inc. d/b/a Septic Saver 2005, is a Florida for profit corporation doing business located at 279 Live Oak Lane,



Jupiter, Fort Lauderdale, FL 33458. Defendant, Septic Saver operates, conducts, engages in and/or carries on its business in this district; therefore, Septic Saver is subject to personal jurisdiction in this district.

5. Venue is also proper in this district pursuant to 28 U.S.C. § 1391, as the acts or omissions set forth in this Complaint have occurred, are occurring, and unless enjoined will continue to occur in this district.

## GENERAL ALLEGATIONS

6. Plaintiff, Septic Savior, is a corporation that markets and sells a variety of products and services to treat and maintain commercial and residential septic systems. For the past several years, Septic Savior has employed an extensive team of professional salespeople who work with customers throughout the country via telephone or thru its online division. Septic Savior's staff also coordinates the efforts of retailers and other firms that resell Septic Savior's product line throughout the country.

7. In or around May 2005, Christopher Winters, now the principal of the defendant, Septic Saver, began working for Septic Savior as a salesperson at Septic Savior's Deerfield Beach office. After 8 months of working for Septic Saver, in or around December 2005, Christopher Winters left Septic Savior and started working as the principal of Global Marketing.

8. Septic Savior has invested significant time and money in promoting its services for over 2 years in their market, and the trade name "Septic Savior" has acquired secondary meaning and good will as distinguishing the services of Septic Savior. By providing dependable and reliable septic treatment products in the septic treatment industry, Septic Savior has earned a loyal following and a reputation with its

customers. Accordingly, Septic Savior is regarded as one of the premier providers of septic treatment products.

9. Plaintiff solicits customers and represents itself to the public and retailers as "Septic Savior."

10. Upon information and belief, Defendant Septic filed with the Florida Department of State, Division of Corporations, on January 18, 2005, documents registering Septic Savior, LLC as a limited liability company operating in the State of Florida.

11. Defendant, Septic Saver, since its inception, has adopted a scheme through which it has attempted to trade off of Plaintiff's trade name, and has intentionally created a false association between itself and Plaintiff, in the mind of the public for the purpose of profiting from Plaintiff's reputation and good will.

12. Pursuant to its scheme, created by Chris Winters who was formerly employed by Septic Savior, Defendant, Septic Saver, has solicited customers and retailers using Plaintiff's trade name.

13. In addition, Defendant Septic Saver's, willful and intentional efforts to mislead customers and retailers of Septic Savior's products by passing itself as affiliated or associated with Plaintiff, and by referring to itself as "Septic Saver" has and continues to create confusion concerning the marketing and sales of Septic Savior's products

14. Plaintiff has incurred, and continues to incur irreparable injury to its reputation and goodwill as a direct and proximate result of Defendant's, Septic Saver, intentional misrepresentations, unfair competition, and trade name infringement, for which Plaintiff has no adequate remedy at law. Unless Defendant is enjoined from

representing itself as "Septic Saver," Plaintiff will continue to suffer irreparable injury, and will incur actual and substantial damages as a result of Defendant's unlawful conduct.

15. Defendant has diverted customers and retailers from Plaintiff by using Plaintiff's name or a colorable imitation thereof.

16. All conditions precedent to bringing this action have been performed, have been waived, or have occurred.

17. Plaintiff has retained the undersigned counsel to represent it in this action and is obligated to pay its counsel a reasonable fee for their services on its behalf.

## COUNT I

### Unfair Competition Under Section 43(a) of the Lanham Act - False Association

18. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 above.

19. This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based upon Defendant's use of a misleading name that falsely represents an affiliation, connection or association with Plaintiff, Septic Savior.

20. Plaintiff, Septic Savior was founded over 2 years ago and maintains clients and customers throughout the United States.

21. Defendant, a Florida corporation, is in direct commercial competition with Septic Savior. Defendant has, and continues to, intentionally, wrongfully, and unjustifiably and in bad faith misrepresent itself as Plaintiff in South Florida and throughout the United States in direct competition with Plaintiff. In particular, Christopher Winters, principal of Septic Saver and a former employee of Septic Savior,

continues to intentionally and unjustifiably contact Septic Savior's customers using the name Septic Saver in an effort to confuse those customers from purchasing product from Septic Saver rather than Septic Savior as intended.

22. This false and misleading name and representation is made in the context of commercial advertising, sales, and commercial promotion for the purposes of influencing Plaintiff's customers and retailers, as well as potential customers, in the market to use Defendant's services.

23. Defendant's use of Plaintiff's name in commerce, in direct competition with Plaintiff create confusion in the marketplace that adversely affects Plaintiff's interstate business.

24. Defendant has used the name "Septic Saver", in the industry intentionally for the purpose of creating mistake and deception in the marketplace which is material in that it is likely to influence the decisions of both customers and potential customers.

25. Plaintiff has been, and will continue to become, damaged by Defendant's false and intentional misrepresentation of an affiliation with Plaintiff through the use of the name "Septic Saver", has caused and will cause declining sales and substantial loss of goodwill resulting from the intentionally created market confusion.

26. Unless Defendant is enjoined from representing itself as being Plaintiff, specifically, from using the name "Septic Saver", Plaintiff will continue to suffer irreparable injury, and will incur additional, actual and substantial damages, as a result of Defendant's unlawful conduct.

27. As a result of Defendant's unfair competition, Plaintiff has been damaged in an amount that exceeds $75,000.00.

WHEREFORE, Plaintiff requests that the Court enjoin Defendant from using the name "Septic Saver" or any imitation of same. Furthermore, Plaintiff demands judgment against Defendant in the total amount of its damages caused by Defendant's improper use of Plaintiff's name and an order requiring Defendant to disgorge any and all profits derived through the improper use of Plaintiff's name, costs and attorney's fees, and all such other relief that the Court deems just and proper.

## COUNT II

### Unfair Competition Under Section 1125(a) of the Lanham Act – "Palming Off"

28. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 above.

29. Plaintiff's non-generic name constitutes a descriptive trade name.

30. Plaintiff is known in the South Florida Market and throughout the United States by its trade name and has invested significant energy and resources in branding its name. Plaintiff began using its trade name prior to Defendant's improper use in direct competition with Plaintiff. When Defendant chose its name, it had actual knowledge of Plaintiff's prior trade name, especially considering that Mr. Winters, principal of Septic Saver, was formerly employed by Septic Savior. Defendant chose its name with the intent of creating mistake and deception in the industry and to profit from Plaintiff's trade name and good will.

31. Defendant's use of Plaintiff's trade name "Septic Savior" constitutes unfair competition under 15 U.S.C. § 1125(a).

32. As a result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer substantial damages, including the expenditure of attorney's fees, in an amount subject to proof at trial.

33. Plaintiff has no adequate remedy at law. Plaintiff has suffered irreparable injury to its reputation, goodwill and market position, and will continue to suffer such irreparable injury unless Defendant is enjoined from further wrongful acts of infringement upon Plaintiff's trade name.

WHEREFORE, Plaintiff requests that the Court enjoin Defendant from using the name "Septic Saver" or any imitation of same. Furthermore, Plaintiff demands judgment against Defendant in the total amount of its damages caused by Defendant's improper use of Plaintiff's name and an order requiring Defendant to disgorge any and all profits derived through the improper use of Plaintiff's name, costs and attorney's fees, and all such other relief that the Court deems just and proper.

## COUNT III
## Common Law Unfair Competition

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 above.

35. Defendant's use of Plaintiff's prior trade name "Septic Savior" constitutes an unfair method of competition. Defendant is wrongfully misrepresenting itself in the marketplace as Plaintiff by using the identical name in the identical market.

36. Defendant had, at all times material to this action, including before it selected its name, actual knowledge of Plaintiff's prior use of the name "Septic Savior". Defendant chose this name for the sole purpose of deceiving Septic Savior's consumers and to profit from the trade name branded and marketed by Plaintiff at great expense.

37. Defendant has no legal justification or privilege by which it can claim entitlement to use Plaintiff's name in direct competition with Plaintiff.

38. Defendant shows and has used Plaintiff's name maliciously and for the purpose of causing Plaintiff significant financial injury.

39. Defendant's conduct has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted and will continue to result in loss profits in an amount which is in excess of $75,000.00.

WHEREFORE, Plaintiff requests that the Court enjoin Defendant from using the name "Septic Saver" or any imitation of same. Furthermore, Plaintiff demands judgment against Defendant in the total amount of its damages caused by Defendant's improper use of Plaintiff's name and an order requiring Defendant to disgorge any and all profits derived through the improper use of Plaintiff's name, costs and attorney's fees, and all such other relief that the Court deems just and proper.

### COUNT IV
### Violation of Florida's Unfair and Deceptive Trade Practices Act

40. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 above.

41. Defendant's conduct violates Florida's Unfair and Deceptive Trade Practices Act Section 501.201 et.seq., Florida Statutes. Plaintiff's damages exceed $75,000.00, exclusive of court costs, interest and attorney's fees.

42. Defendant's use of Plaintiff's prior acquired and used trade name "Septic Savior," constitutes unconscionable, unfair and deceptive acts in violation of Section 501.204(1) Florida Statutes, for the purpose of deceiving Florida consumers and other users of Plaintiff's services by creating the false impression that Defendant is Plaintiff, or is in some way affiliated with Plaintiff.

43. Defendant's unconscionable, unfair, and deceptive trade practices have proximately caused significant financial injury to Plaintiff, including damage to its goodwill, market position, and loss profits into the future as long as Defendant continues to use Plaintiff's name.

44. Plaintiff has retained the undersigned attorneys to represent it in this action and is obligated to pay them a reasonable fee for their services. Plaintiff is entitled to recover reasonable attorney's fees pursuant to Section 501.2105, Florida Statues.

WHEREFORE, Plaintiff requests that the Court enjoin Defendant from using the name "Septic Saver" or any imitation of same. Furthermore, Plaintiff demands judgment against Defendant in the total amount of its damages caused by Defendant's improper use of Plaintiff's name and an order requiring Defendant to disgorge any and all profits derived through the improper use of Plaintiff's name, costs and attorney's fees, and all such other relief that the Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted,

**THE HODKIN KOPELOWITZ OSTROW FIRM, P.A.**
Attorneys for Plaintiff
350 East Las Olas Boulevard
Suite 980
Ft. Lauderdale, Florida 33301

*[signature]*
JEFFREY OSTROW, ESQ.
Fl. Bar No.: 121458
JOSEPH M. GRANT, ESQ.
Fl. Bar No.: 137758

**JS 44** (Rev. 11/05)  **CIVIL COVER SHEET**  06-61466

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
SEPTIC SAVIOR, LLC, a Florida limited liability company

### DEFENDANTS
GLOBAL MARKETING OF SOUTH FLORIDA, INC., a Florida corporation

**(b)** County of Residence of First Listed Plaintiff: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
THE HODKIN KOPELOWITZ OSTROW FIRM, P.A.
350 EAST LAS OLAS BOULEVARD, SUITE 980
FORT LAUDERDALE, FLORIDA 33351

Attorneys (If Known)
JOSEPH M. GRANT, ESQ.

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 USC 1125(a) - Unfair Competition under Section 43(a) of the Lanham Act

LENGTH OF TRIAL via  3  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD     DATE 9/19/06

FOR OFFICE USE ONLY
AMOUNT 350.00    RECEIPT # 53829